

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00110-CV

_____

IN THE INTEREST OF L.R., A CHILD

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2015-790,967; Honorable William C. Sowder, Presiding

April 14, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, J.R.,[1] appearing *pro se*, filed a notice of appeal from a report and temporary orders issued by an associate judge in a suit affecting the parent-child relationship. We now dismiss the appeal for failure to comply with a requirement of the Texas Rules of Appellate Procedure, for failure to comply with a notice from the clerk requiring action within a specified time, and for want of jurisdiction.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014). *See also* TEX. R. APP. P. 9.8(b).

By letter dated March 14, 2016, the clerk of this court notified J.R. that his filing fee of $205 was overdue and advised him that failure to pay the filing fee or file an affidavit of indigence by March 24 would subject the appeal to dismissal without further notice pursuant to Rule 42.3(c) of the Texas Rules of Appellate Procedure. To date, J.R. has not paid or made other arrangements for the discharge of the filing fee. Unless a party is excused from paying a filing fee, the clerk is required to collect filing fees set by statute or the Texas Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). Although the filing of a proper notice of appeal invokes an appellate court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure, the appeal may be dismissed. *Id.* at 25.1(b).

In addition, J.R. purports to appeal a report and temporary orders concerning L.R., a child, signed by an associate judge on February 16. *See* TEX. FAM. CODE ANN. § 201.011(a) (West 2014). On February 17, S.R., the child's mother, filed a request for a *de novo* hearing before the district court that referred the case to the associate judge. *See* TEX. FAM. CODE ANN. § 201.015 (West Supp. 2015). The *de novo* hearing was set for March 9. Because the report of an associate judge is not a final, appealable order or judgment, this court does not have jurisdiction over the appeal. *See id.* at § 201.013(b) (West 2014).

For these reasons, this appeal is dismissed. TEX. R. APP. P. 42.3(b), (c).

Per Curiam

2